UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

BRIJESH GOEL & AKSHAY NIRANJAN,

    Defendants.

Civil Action No. 1:22-cv-06282

---

## PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff U.S. Securities and Exchange Commission ("SEC") hereby moves this Court for entry of the Proposed Judgment against Defendant Akshay Niranjan ("Niranjan"). If entered, the Proposed Judgment would implement the terms of a bifurcated settlement between the SEC and Niranjan that would resolve the SEC's claim for equitable relief, leaving the determination of monetary remedies to the Court upon a future motion by the Commission. In support of this motion, the SEC states:

1.    On July 26, 2022, the SEC filed a Complaint against Defendants Brijesh Goel and Niranjan alleging, *inter alia*, that they engaged in insider trading in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder. *ECF* No. 10.

2.    After commencement of the case, Defendant Niranjan, without admitting or denying the allegations of the Complaint, made an offer to consent to the entry of judgment against him. A copy of Niranjan's consent is attached hereto as *Exhibit A*. A copy of the Proposed Judgment is attached hereto as *Exhibit B*. The Commission submits that this Proposed Judgment is fair and reasonable and, with respect to the proposed injunctive relief, is in the

public interest. *See SEC v. Citigroup Global Markets*, 752 F.3d 285, 294 (2d Cir. 2014) (laying out standard for reviewing proposed consent judgments in government enforcement actions).

3. If entered, the Proposed Judgment would enjoin Niranjan against further violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. *See* Proposed Judgment, *Exhibit B*, ¶ I. This injunctive relief is fair, reasonable, and in the public interest because it is tailored to protect the securities markets against future insider trading violations, like those alleged in the Complaint. Permanent injunctions are a standard form of relief ordered in securities enforcement actions in this district. *See, e.g., SEC v. Gupta*, 569 Fed. Appx. 45, 47 (2d Cir. 2014) (affirming imposition of injunctive relief against insider trading defendant, including permanent injunction against future violations of federal securities law); *SEC v. Suman*, 684 F. Supp.2d 378, 391-92 (S.D.N.Y. 2010) (entering permanent injunction against defendant in insider trading case).

4. The Proposed Judgment further provides that the determination of monetary remedies (disgorgement, prejudgment interest, and civil penalty) will be deferred until a later date, upon motion by the Commission. *See* Proposed Judgment, *Exhibit B*, ¶ II. Once the remainder of the case with respect to co-defendant Brijesh Goel has been resolved, the SEC will thereafter advise the Court of its determination of appropriate monetary relief to be sought against defendant Niranjan, by motion.

For these reasons, the SEC respectfully requests that this Court grant this Motion and enter the Proposed Judgment attached hereto as *Exhibit B*.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

2

By its attorneys,

*/s/ Richard M. Harper II*

Amy Harman Burkart
Richard M. Harper II (Admitted *Pro Hac Vice*)
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02110
(617) 573-8979 (Harper)
(617) 573-4590 (Facsimile)
HarperR@sec.gov

Dated: September 19, 2022

### CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022, a true and correct copy of this document was filed through the Court's CM/ECF system and, accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case.

*/s/ Richard M. Harper II*
Richard M. Harper II