UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
               *Plaintiff*,            :
                                          :
               -v-                     :
                                          :   No. 22 Civ. 6282 (RA)
BRIJESH GOEL and AKSHAY NIRANJAN,         :
                                          :
               *Defendants*.           :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND FOR A STAY OF PROCEEDINGS


                                         DAMIAN WILLIAMS
                                         United States Attorney

Joshua A. Naftalis
Assistant United States Attorney
   *- Of Counsel -*

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its motion (i) to intervene in the above-captioned case (the "Civil Action"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay the Civil Action in its entirety until the completion of the trial or other disposition in the parallel criminal case, *United States* v. *Brijesh Goel*, 22 Cr. 396 (PKC) (the "Criminal Case").[1]

The Criminal Case arises from the same set of facts and circumstances that underlie the Civil Action. As a result, a full stay is especially appropriate because any exchange of discovery would be asymmetrical and would merely allow the defendants to circumvent the criminal discovery rules and improperly tailor their defenses in the Criminal Case. In similar situations, courts in this Circuit and others have entered a complete stay of parallel actions when there is a parallel criminal prosecution with overlapping defendants and facts, even over a defendant's objection. *See, e.g.*, *SEC* v. *Abraaj Inv. Mgmt. Ltd.*, 19 Civ. 3244 (AJN), 2019 WL 6498282, at *2 (S.D.N.Y. Dec. 3, 2019); *SEC* v. *Kang*, 16 Civ. 9829 (PGG) (S.D.N.Y. Feb. 1, 2017) (Dkt. 21); *SEC* v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (Dkt. 103); *SEC* v. *Durante*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016); *SEC* v. *Shkreli*, 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2-*7 (E.D.N.Y. Mar. 22, 2016); *SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008). For the reasons that follow, the Government respectfully requests that this Court enter an order staying this action until the completion of the Criminal Case.

---

[1] A proposed order is attached hereto as Exhibit A

Counsel for Brijesh Goel and Akshay Niranjan[2] have advised the Government that each consent to the Government's motion to intervene and for a complete stay of the Civil Action, and the Securities and Exchange Commission ("SEC") has advised the Government that it takes no position on the Government's motion.

## BACKGROUND

This case and the parallel Criminal Case arise out of the same underlying events. On July 25, 2022, an Indictment charging Goel was unsealed (the "Indictment"), and he was arrested.[3] Akshay Niranjan is an uncharged co-conspirator ("CC-1") in the Indictment. Also on July 25, 2022, the SEC filed a complaint in the Civil Action against Goel and Niranjan. As alleged in both the Criminal Case and the Civil Action, from in or about 2017 through in or about 2021, Goel and Niranjan participated in an insider trading scheme.

Goel was an investment banker at a major international investment bank in New York, New York (the "Investment Bank"). In that position, Goel received confidential, internal emails directed to the Investment Bank's Firmwide Capital Committee and Capital Markets Capital Committee, which contained detailed information and analysis about potential mergers and acquisitions transactions the Investment Bank was considering financing. In violation of the duties that he owed to the Investment Bank, Goel misappropriated that confidential information and tipped a friend, who worked at another investment bank in New York, New York — CC-1— with the names of potential target companies from these emails, typically during in-person meetings (such as when the two met to place squash). CC-1 then used that material, non-public

---

[2]   On September 19, 2022, the SEC filed a motion for entry of a consent judgment against Akshay Niranjan. (Dkt. 21).

[3]   A copy of the Indictment is attached hereto as Exhibit B.

information ("MNPI") to trade call options, including short-dated, out-of-the-money call options, in brokerage accounts that were in the name of CC-1's close relative. Goel and CC-1 agreed to split the profits from their trading. Between approximately 2017 and 2018, Goel tipped CC-1 on at least seven deals in which the Investment Bank was involved, yielding total illegal profits of approximately $280,000.

The Indictment also charges that between approximately May and June 2022, Goel obstructed investigations by a Grand Jury in the Southern District of New York and the SEC. Specifically, Goel deleted and asked CC-1 to delete electronic communications regarding this insider trading scheme, including during an in-person meeting that CC-1 consensually recorded.

## ARGUMENT

The Government's requests to intervene and for a complete stay of the Civil Action should be granted. If this case were to proceed, there would be a risk of significant interference with the Criminal Case. A complete stay of discovery would prejudice no party to the Civil Action; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the Civil Action will be resolved in the Criminal Case. As noted above, the defendants, through their counsel, consent to a complete stay of this action, and the SEC takes no position.

## POINT I

**THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may

as a practical matter impair or impede the movant's ability to protect its interests." Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect the Civil Action would have on the Criminal Case and the similarity of claims and facts between the parallel proceedings.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact." *SEC* v. *Downe*, 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. June 26, 1993); *see also First Merchs. Enter.* v. *Shannon*, 8 Civ. 8254 (CSH), 1989 WL 25214 (S.D.N.Y. Mar. 16, 1989) (allowing intervention); *Bd. of Governor of the Fed. Reserve Sys.* v. *Pharaon*, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v.

*Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff nor the defendants have this identical interest.").

The defendants, through their counsel, consent to the Government's request to intervene, and the SEC takes no position.

## POINT II

## A COMPLETE STAY OF THE CIVIL ACTIONS IS WARRANTED

### A. Applicable Law

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial.  *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Louis Vuitton Malletier S.A*. v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co*., 299 U.S. 248, 254 (1936)).   In evaluating whether to grant such a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. Mar. 30, 2005) (quoting *In re WorldCom, Inc. Secs. Litig*., 02 Civ. 3288 (DLC), 02 Civ. 4816 (DLC), 2002 WL

31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also SEC* v. *Tuzman*, 15 Civ. 7057 (AJN), at 2 (S.D.N.Y. Mar. 1, 2016); *Volmar Distrib., Inc.* v. *N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). "Balancing these factors is a case-by-case determination." *Volmar Distrib.*, 152 F.R.D. at 39. But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99. The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* (quotation marks omitted).

### B.     Discussion

Application of each of these factors here weighs in favor of the stay sought by the Government and to which the defendants consent.

#### 1.     The Extent of Overlap

That the Criminal Case and the Civil Action involve nearly identical facts and issues weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, 06 Civ. 6191 (JFB) (WDW), 06 Civ. 6627 (JFB) (WDW), 07 Civ. 1268 (JFB) (WDW), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, as described above, the Criminal Case and this case involve the same securities fraud scheme, and virtually identical facts, witnesses, and issues. As a result, this factor weighs heavily in favor of a stay. *See, e.g.*, *Shkreli*, 2016 WL 1122029, at *4; *Tuzman,* 15 Civ. 7057 (AJN), at 3.

### 2. The Status of the Criminal Case

The return of an indictment in the Criminal Case is also a factor that weighs in favor of a stay. "[T]he strongest argument for granting a stay is where a party is under criminal indictment." *Shkreli*, 2016 WL 1122029, *4 (quotation and citation omitted). Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm., Inc. Secs. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As the Court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also Tuzman*, 15 Civ. 7057 (AJN), at 3 (indictment normally weighs heavily in favor of stay absent particular facts indicating that criminal case may not be resolved expeditiously).

Goel has been indicted, and Niranjan is named as an unindicted co-conspirator in the Indictment. Thus, this factor also militates in favor of a stay.

### 3. The Plaintiff's Interests

The SEC has indicated that it takes no position on the entry of the requested order

to stay this case. The Government thus submits that there would be no prejudice to the plaintiff by staying this action. *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4.     The Defendants' Interests

As noted above, Goel and Niranjan (who has consented to entry of a judgment against him), through their counsel, consent to the Government's motion for a complete stay of this case.

There is very little, if any, prejudice to the parties that would result from the stay sought by the Government. Defendants in parallel criminal cases typically have an interest in not being deposed because, if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case. *See Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976) (Fifth Amendment does not forbid adverse inferences against parties to civil actions). But as one district court recently noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants." *Nicholas*, 569 F. Supp. 2d. at 1070.

As a result, in this instance, granting a stay of the Civil Action to permit the Criminal Case to proceed to its conclusion would actually benefit the defendants because such a stay obviates forcing any of them to make the choice between being prejudiced in the Civil Action by the assertion of their respective Fifth Amendment rights or being prejudiced in the Criminal Case if any of them waives those rights.

Moreover, any potential concerns about the loss of evidence, *see Trustees of Plumbers*, 886 F. Supp. at 1140, are inapposite because Goel has already received documents and other materials as part of the Government's Rule 16 discovery in the Criminal Case, most (if not

all) of which also pertain to the Civil Action. Furthermore, the substantial overlap in witnesses eliminates any potential concerns about memories fading because interview notes and trial testimony in the Criminal Case will preserve the memories of the witnesses in this action. *See Shkreli*, 2016 WL 1122029, at *6.

### 5. The Court's Interests

Considerations of judicial economy also weigh in favor of granting a stay. Issues common to both cases can be resolved in the Criminal Case, thereby simplifying the Civil Action. *See SEC* v. *Contorinis*, 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Global Indus.*, 2012 WL 5505738, at *4 ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the Criminal Case's outcome will likely affect the conduct, scope, and result of the Civil Action, thereby streamlining issues in this matter and avoiding duplication of effort and judicial resources, this factor favors the Government's application.

### 6. The Public Interest

The Government and the public have an important interest in insuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence, or intimidate witnesses. *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a

witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *Nicholas*, 569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Section 3500 provides that in criminal cases, the statements of Government witnesses — such as witness testimony taken by the SEC — shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power to order early production of witness statements. *See United States* v. *Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986). Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide for depositions as a means of discovery. *See In re Ahead By A Length, Inc.*, 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *See Tuzman*, 15 Civ. 7057 (AJN) (granting stay sought by Government);

- 10 -

*SEC* v. *Beacon Hill Asset Mgmt. LLC*, 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (granting stay motion because "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc.* v. *Heinrich*, 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Bd. of Governors of the Fed. Reserve Sys.*, 140 F.R.D. at 639 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").

*     *     *

In sum, because there is virtually complete overlap between the parallel proceedings; Goel has been indicted in the Criminal Case; the defendants consent to the stay, the SEC takes no position, and the parties will suffer no prejudice; there is a strong public interest in preventing the civil discovery rules from being used to improperly circumvent criminal discovery rules; any discovery would be improperly asymmetrical; and a resolution of the Criminal Case will preserve judicial resources and streamline this action, the balance of factors overwhelmingly favors the requested discovery stay.

## CONCLUSION

For these reasons, the Government respectfully requests that its application, with

the consent of the defendants, to intervene and for a stay of this action in its entirety be granted.

Dated: New York, New York
September 30, 2022

                                                  Respectfully submitted,

                                                  DAMIAN WILLIAMS
                                                  United States Attorney

                                 By:   /s/ Joshua A. Naftalis
                                        Joshua A. Naftalis
                                        Assistant United States Attorney
                                        (212) 637-2310